THE STATE OF CONNECTICUT EX REL. JAMES McDER-
MOTT *vs.* JOHN WILKINSON ET ALS., SELECTMEN.

Third Judicial District, Bridgeport, April Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The Act of 1911 (16 Special Laws, Chap. 334, p. 304), prescribing a system of local government for the town of Orange and for the first taxation district within its limits which had theretofore been the borough of West Haven, among other things declared (§ 12) that the board of selectmen—which was invested with broad powers both administrative and legislative respecting a variety of subjects—should organize and maintain a fire department in that district, should provide appliances therefor, and should make all necessary rules and regulations for its control and discipline. *Held:*—
1. That one casually employed by a preceding board of selectmen as engineer of a fire apparatus, but for no designated term, did not thereby secure the right to hold his position during good behavior, but might be discharged by a subsequent board when, because of a reorganization or rearrangement of duties, his services were no longer required.
2. That this power of removal or discharge at the pleasure of the board was not limited or restricted by reason of the existence of a rule adopted by a preceding board, to the effect that the chief of the fire department might suspend any officer or member for insubordination or neglect of duty, and that upon his reporting such suspension the board of fire commissioners might, after a hearing, dismiss the charges, or suspend or expel the member.
3. That the board of selectmen, in organizing and maintaining the fire department, were acting not as agents of the town but as agents of the law in the discharge of a public duty, the imposition of which necessarily implied the power of selection of members of the department in the absence of any other provision therefor; and that having the unrestricted power of appointment, the board also had the corresponding power of dismissal or removal at its discretion.
The same section further provided that before passing any order, rule or regulation of a general public nature, the board of selectmen should give the citizens of the town a reasonable opportunity to be heard in reference thereto, and that nothing contained in the Act should be construed to prevent the electors of the town in legal meeting assembled from passing any proper by-law or repealing or amending any order, rule or regulation made by the selectmen under authority of the Act. *Held* that whatever might be the scope of this power of review by the town, it clearly did not extend to purely ad-

ministrative details, such as employment in or dismissal from the public service, or appointment to or removal from positions in that service; and therefore a resolution of the voters of the town directing the selectmen to reinstate the original employee, who had been dismissed, was nugatory and unavailing.

Argued April 16th—decided June 11th, 1914.

APPLICATION for a writ of mandamus requiring the defendants, as selectmen of the town of Orange, to reinstate the relator as a member of the fire department in the first taxation district of said town, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.*, upon a demurrer of the relator to the defendants' return; the court overruled the demurrer, found the return sufficient, and, upon the declination of the relator to plead further, rendered judgment for the defendants, from which the relator appealed. *No error.*

Following the enactment of chapter 334 of the Special Laws of 1911, the then selectmen of the town of Orange organized a fire department in the first taxation district of the town, and employed the relator as engineer of number one fire apparatus. November 7th, 1913, the defendants, comprising the then board of selectmen of the town, employed one Casner as a mechanician in the department, and assigned to him, among other duties, those which had theretofore been performed by the relator, and thereupon terminated the relator's employment. December 6th, 1913, a special town meeting was held, whereat a resolution, within the call, was passed repealing the action of the selectmen in discharging the relator and appointing Casner, and directing the selectmen to reinstate the relator in the position he had held. The selectmen have refused to comply. The provision of the Act referred to in the closing portion of the opinion is the concluding portion of § 12, and reads as follows:—

"Before passing any order, rule, or regulation of a general public nature, said board shall give the citizens of said town reasonable opportunity to be heard in reference thereto, at a meeting of said board, notice of which meeting shall be given by publishing such proposed order, rule, or regulation, together with notice of the time and place of hearing thereon, in some newspaper published or having a circulation in said town, at least five days before the time fixed for such hearing. Any such meeting may be adjourned from time to time, as said board shall see fit. Nothing herein shall be so construed as to prevent the electors of said town of Orange, in legal meeting assembled, from passing any proper by-law or repealing or amending any order, rule, or regulation made by the selectmen under authority of this Act, when notice of intention to consider such by-law or such repeal or amendment of any such order, rule, or regulation at such meeting shall be inserted in the call therefor."

*Walter J. Walsh*, for the appellant (relator).

*James H. Webb* and *Charles F. Roberts*, for the appellees (defendants).

PRENTICE, C. J. If the relator's claim to restoration to duty rests upon a solid foundation, it must be for the reason either that his attempted removal by the selectmen was an unauthorized act, or that such attempted removal was rendered nugatory by the subsequent vote of the town meeting. If that vote had any legal consequence, it must have been in making of no effect the action of the selectmen. Clearly the town does not possess the power of appointment, and we do not understand that such power is claimed for it. If the relator's dismissal became effective, the town meeting was powerless to put him back into the position

from which he had been removed. The question before us is, therefore, one solely of removal. It presents, however, two quite independent aspects, one as to the initial power of the selectmen to remove him, and the other as to the veto power of the town meeting over their act of removal

The answer to the questions thus presented must be found in the provisions of chapter 334 of the Special Laws of 1911, and especially of § 12 of that legislation, and in what may have been done under that portion of the section which relates to the organization and maintenance of a fire department in the first taxation district.

The Act provides a system of local government for the town of Orange, and incidentally for the first taxation district within the town formerly, or for the most part, under a borough government discontinued, which is unusual in its character and scope, and quite apart from the familiar methods of local government. The board of selectmen is retained and the powers usually conferred upon its members as town officials are not withheld; but here the similarity to the customary town system ends. The board is invested with large powers, for the most part enumerated in § 12, covering a great variety of subjects, touching the affairs of the town as a whole and of a single district in it solely, and embracing both administration and legislation. The system established is essentially that of a commission form of government, the board of selectmen being made the commission, and endowed with substantially all the powers customarily conferred upon the warden and burgesses of boroughs. On the one hand the affairs of administration are committed to its charge, and on the other the power to make rules and regulations for local government in the nature of city ordinances and extending to the provision of fines and penalties is bestowed. Among the numerous provisions of § 12 is one

that the board "shall organize and maintain a fire department in the first taxation district, provide apparatus therefor, and make all necessary rules and regulations for the control and discipline thereof." There is no other provision in the Act relating to the organization, personnel, or government of the department.

Touching the inquiry as to the competency of the selectmen's act of dismissal, it is to be observed that the relator makes no claim that he was appointed for a designated period unexpired, or that any term is prescribed for the position to which he was appointed. His claim of improper discharge by them rests solely upon the contention that a rule or regulation, duly adopted by a preceding board of selectmen for the government of the department, operated to vest the power of removal of its members elsewhere than in the board of selectmen, and to give him in effect a tenure of position during good behavior. This rule, recited in the return, is, in substance, that the chief of the department shall have the power to suspend any officer or member for insubordination, disorderly conduct, or neglect of duty; that such suspension shall be reported at once in writing to the board of fire commissioners; that this board shall give the suspended person a prompt hearing after notice; and that thereafter it may either dismiss the charges, or suspend, expel, or reduce in rank the accused.

The contention thus made in favor of the relator, as applied to the circumstances of the present case, involves the maintenance of two incidental propositions, to wit: (1) that the position which he held was one which the selectmen could not by a reorganization or rearrangement of duties dispense with at pleasure; and (2) that the relator was protected from removal therefrom except upon charges preferred by the chief, and for cause found after a hearing.

We read the Act, writ and return in vain to discover any indication that there has ever been such an organization of the fire department as that defined positions with assigned duties have been created, or that any position therein having a character of permanency has ever been created. For aught that appears the selectmen for the time being have proceeded, and left themselves free to proceed, to allot the work of the department as they thought best, and taken no action of a legislative character creating a fixed organization or establishing fixed positions, or limiting their powers to arrange and rearrange at will the working organization of the force employed and the distribution of the duties and labors attending the work to be done among those employed or to be employed. The allegation of the complaint is that the relator was "employed as engineer number 1 fire apparatus" and that he was unlawfully removed from "said occupation." The return repeats the same averment of employment, and adds that the selectmen, in the exercise of their power and duty under the Act, employed another person as a mechanician and assigned to him, among other duties, those which the relator had previously performed, and terminated his employment. Here is described a rearrangement and consolidation of duties performed by employees. In that rearrangement and consolidation the duties performed by the relator were transferred to another employee, and the necessity for his further employment ended. It is difficult to discover from what is before us a reasonable basis for the contention that the so-called position, which the relator says he filled, was entitled to be so dignified, at least in the sense of indicating that it was an independent, defined post in the established organization of the department as distinguished from a mere casual employment at duties which could be assigned at will to employees by those in authority.

But there is a broader justification of the act of the selectmen to be found in the authority which is vested in them. The duty of organizing and maintaining a fire department in the first district, imposed upon the selectmen of the town for the time being, is one which rests upon them as agents of the law. *State ex rel. Rylands* v. *Pinkerman,* 63 Conn. 176, 182, 28 Atl. 110. The imposition of this duty carried with it by necessary implication the power of selection of members of the department, in the absence of other provision therefor in the Act or in the rules and regulations adopted pursuant to it. No such other provision appears. "It is the common rule that where the power of appointment is conferred in general terms without restriction, the power of removal at discretion and at the will of the appointing power is implied, and always exists unless restricted and limited by some other provision of law." *State ex rel. Reiley* v. *Chatfield,* 71 Conn. 104, 112, 40 Atl. 922.

In the present case we discover no possible source of restriction or limitation upon this prima facie power of dismissal, unless one results, as the relator contends it does, from the regulation already recited touching proceedings after suspension. This regulation remains to be considered as bearing upon the tenure of occupancy of a place in the department. Reference is made in the regulation to a board of fire commissioners. What its position is in the scheme of local government, and what other duties or powers are theirs, the record does not disclose. Clearly we cannot assume for them anything beyond what the record shows, and that is confined to the one matter to which the rule relates. There is no suggestion that the general power of removal is given to them, or that removal can be accomplished only through proceedings instituted by suspension by the chief and resulting, after a hearing, in conviction of misconduct. Apparently the rule was adopted to meet

a situation likely to arise in the enforcement of discipline in the department by the chief, and with no intention of restricting removals to those accomplished through its operation. Had there been a purpose to create for fire department employees a tenure of position during good behavior, it would not have been so blindly expressed, and this would not have been the sole provision to that end. The action of the selectmen was not in excess of their authority.

Our next inquiry relates to the legal effect of the vote of the town meeting purporting to override the action of the selectmen. The language of § 12, which reserves to the voters of the town the power to repeal or amend any order, rule, or regulation made by the selectmen, concludes a lengthy recital of powers, both legislative and administrative, conferred upon them. Clearly the power of review thus given does not extend to all administrative acts in their infinite variety. All such acts of the board may in a sense be said to partake of the nature of its orders. They are not, however, orders in the sense in which the word is here employed, as is apparent from the context. The word is used most frequently, perhaps, to describe a command or direction from some source of authority. It is, however, also used as synonymous with rule or regulation. Black's Law Dictionary (2d Ed.) 857.

The Act provides that, preliminary to the adoption of any order, rule, or regulation of a general public nature, public notice should be given and opportunity for a hearing afforded. Then follows the provision giving the voters of the town the right of review. The defendants contend that the right thus given is limited to those rules, regulations and orders whose adoption, after notice and opportunity for a hearing, had just been provided for, to wit: those of a general public nature, confined, perhaps, to those of a legislative character,

Brock *v.* Travelers Ins. Co.

or, at most, not extending beyond the directions of an administrative sort which involved a public policy or touched broadly the interests of the general public. We have no occasion to give an interpretation to the Act in this regard, further than to observe that the right of review plainly does not extend to purely administrative details, such as employment in or dismissal from the public service, or appointment to or removal from positions in that service.

The claim made by the relator, that the selectmen were bound to obey the directions of the town meeting as the command of their principal, is not well made. They were acting in the premises, as we have already had occasion to observe, as agents of the law and not of the town. The town meeting was without power to dictate their action, save as legislation may have conferred that power.

Our conclusion renders it unnecessary for us to consider several other questions which the appeal presents.

There is no error.

In this opinion the other judges concurred.