STATE EX REL. HERBERT WEISBERG v. JOEL P. BEACH ET AL.,
BOARD OF SELECTMEN OF THE TOWN OF NORTH HAVEN

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 73445

Memorandum filed March 8, 1950.

*Max H. Schwartz,* of New Haven, for the Plaintiff.

*Albert W. Cretella,* of New Haven, for the Defendants.

QUINLAN, J. An alternative writ of mandamus was met by a return. The petition which was the basis of the application for alternative writ was signed by the requisite number of electors provided by General Statutes, § 491. That statute of itself is obligatory and binds the selectmen. The only discretion vested in the selectmen to deny the petition is when the object of it is unlawful or manifestly frivolous, or otherwise improper.

Accordingly, my attention has been directed to § 777, entitled "Appropriations. Laying of tax." That section contains the following: "The provisions of this section shall not be construed as preventing a town from making further appropriations upon the recommendation of its board of finance at a special town meeting held after the annual town meeting and prior to the laying of the tax for the current year, and any appropriations made at such special town meeting shall be included in the amount to be raised by the tax laid by the board of finance under the provisions of this section."

The annual town meeting had been held at the time of the receipt of the petition. The sum of $17,300 was asked by the board of education for the repairs now sought by this petition and $3000 was allowed. This budget, as reduced, was adopted by the annual town meeting. No request was made to the board of finance since that meeting and no recommendation for an appropriation by the board of finance, as provided by the statute, § 777, has been made. This case seems distinguishable from the

cases of *Benham* v. *Potter,* 77 Conn. 186, because the General Assembly has passed a general statute limiting the making of appropriations by the town at any meeting other than the annual town meeting to instances where the recommendation comes from the board of finance. It is noteworthy, too, that the annual town meeting cannot increase appropriations. It is distinguishable too, from the case of *State ex rel. Connolly,* v. *Rochford,* decided by Judge Daly in New Haven County, by the fact that there the petition was "to consider and take action regarding", whereas here the petition is "for the purpose of appropriating not more than $20,000. to be used," etc. This can be done only on the recommendations of the board of finance.

In the case of *Lyon* v. *Rice,* 41 Conn. 245, 251, the court said: " . . . no discretion is vested in the selectmen to deny the petition unless the object of it is unlawful, or manifestly frivolous, or otherwise improper." And as was said in *Cummings* v. *Looney,* 89 Conn. 557, 561, they "cannot be compelled to do that which is not authorized by law," and that case goes on to say that under one state of requests in an application they would be right in their refusal, under another it would not be justified. And again in *State ex rel. Shelton* v. *Edwards,* 109 Conn. 249, 254, it was said "Needless to say the court will not by mandamus compel public officials to perform an act which would result in a violation of law." Thus it will be seen that however legal the calling of a meeting may be, it may not be resorted to, to compel an act resulting in an illegality. Judge King in *State ex rel. Koch* v. *Woodhouse,* 10 Conn. Sup. 252, 255, defined the duty under § 491 to require the calling of "the town meeting for any legitimate and proper purpose."

Moreover, the writ is not demandable as a matter of strict right and is subject to the exercise of a sound discretion and because of the foregoing and in the exercise of a sound discretion, the alternative writ is dismissed and judgment may enter for the defendants. Indeed it may be said that if petitioners' rights have not become abstract by the time an appeal is completed and decided they will be of no substantial or practical benefit to them. *State ex rel. Shelton* v. *Edwards,* supra.