LORIN W. WILLIS, STATE'S ATTORNEY *v.*
JOSEPH SAUER ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 94608

216

Memorandum filed December 29, 1954.

*David E. Zimmer,* of Bridgeport, for the plaintiff.

*Charles A. Hallock,* of Danbury, for the defendants.

COMLEY, J. This is a complaint brought by the state's attorney for Fairfield County praying that an order in the nature of a mandamus be issued against the selectmen of the town of Danbury requiring them to call a special town meeting in accordance with an application made to them by more than fifty inhabitants and electors. The application, recited in the complaint, requested that the meeting be called "for the purpose of taking such action as may be necessary concerning the recent revaluation of property in said City and/or Town of Danbury." The selectmen have demurred to the complaint on two grounds, the first of which is that "the matter which the petitioners desire to have considered at the meeting they seek is not one within the proper scope of actions which may be taken up at a town meeting."

General Statutes, § 491, as amended by § 157c of the 1953 Cumulative Supplement provides that "Special town meetings may be convened when the selectmen deem it necessary, and they shall convene a special town meeting on application of twenty inhabitants qualified to vote in town meetings, within ten days after receiving such application." It was early decided, in the case of *Lyon* v. *Rice,* 41 Conn. 245, that this statute reposes no discretion in the selectmen when a proper application is presented to them and that it is then the duty of the selectmen,

enforceable by mandamus, to call the meeting. However, it was recognized in that case, at page 248, that the meeting must be requested "for a legitimate and proper purpose." And, at page 251, *Phelps, J.,* in a dissenting opinion, agrees with the majority of the court that "no discretion is vested in the selectmen to deny the petition unless the object of it is unlawful, or manifestly frivolous, or otherwise improper."

In *Peck* v. *Booth,* 42 Conn. 271, twenty electors of the borough of West Haven applied to the borough officers for a special meeting to consider repeal of the borough charter. When the officers refused to call the meeting, an application for a writ of mandamus was brought. The application was dismissed on the ground that repeal of the borough charter was not a proper or legitimate subject for action by the borough. Thus the court again recognized that the statutory right of the electors to demand a special meeting is subject to the implied condition that the purpose of the meeting shall be a lawful purpose.

In *Cummings* v. *Looney,* 89 Conn. 557, there was a vacancy caused by death in the office of town clerk of Stamford. Twenty electors requested a special town meeting to fill the vacancy. The court held that the town, in town meeting, had the power to fill this vacancy for the full unexpired term of the deceased incumbent of the office but for no other term and that the application was properly made for this purpose, but, in so holding, the court said: "Proper application having been made, the selectmen may, by mandamus, be compelled to call such meeting to fill a vacancy in the office of town clerk for the full unexpired term; they cannot be compelled to call such meeting to fill the office for other than the full unexpired term, since they cannot be compelled to do that which is not authorized by law."

Applying these principles to the present case, it is clear that the application made to the selectmen of the town of Danbury was not for a purpose which could be lawfully considered or acted upon at a special town meeting. Under the law of this state, town meetings have nothing to do with the valuation or revaluation of property for taxation. Under General Statutes, chapter 86, those powers are exclusively vested in boards of assessors and boards of tax review. Under § 1737, as amended by § 847c of the 1953 Cumulative Supplement, the duty of periodic revaluation of property, required at ten-year intervals, is imposed solely on the assessors, and town meetings have no control over it. The selectmen were, therefore, legally justified in refusing to call the special meeting.

The second ground of demurrer, that the application "is not sufficiently specific," is likewise well taken. The application does not define what action "may be necessary."

The demurrer is sustained on both grounds.