[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 14, 1996
The plaintiff, JMB Realty Corp., brought this real estate tax appeal challenging the valuation placed on its property at 151-163 Asylum Street by the assessor for the city of Hartford on the 1992, 1993, 1994, and 1995 grand lists. Hartford CityPlace LLC was added as a party plaintiff at the commencement of the trial because Hartford CityPlace LLC, subsequent to this appeal, purchased the subject property from JMB Realty Corp.
On October 1, 1992, the assessor determined that the fair market value of the subject premises was $42,316,900, based upon a stipulation entered into by the parties in 1991. The plaintiffs' appraiser, Dean C. Amadon, placed the fair market value of the subject property as of the October 1, 1989 revaluation date, at $22,000,000.
The subject property, known as CityPlace II, is located at the corner of Asylum Street, Trumbull Street and Pearl Street, and is located in the city's central business district (CBD). The property is a 20-story class A office building with approximately 372,075 square feet of area including a penthouse and a three-level underground garage for 74 cars. The building sits on .45 acres of land.
The city interposes a special defense of collateral estoppel, claiming that the issue in the present action was previously decided in a prior tax appeal entitled JMB Realty, Corp. v. Cityof Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket Number CV90-0378658 (JMB Realty Corp.I).
JMB Realty Corp. I was a tax appeal brought by JMB Realty Corp. contesting the valuation placed upon the same subject property during the city-wide revaluation on October 1, 1989. The parties in JMB Realty Corp. I entered into a stipulation which stated the following: "The parties hereto stipulate and agree that judgment may enter in the above-entitled case, finding the true and actual valuation of the property described in the appeal as of October 1, 1989 to be as follows: $38,725,700." The parties further agreed that the "true and actual valuation" of the subject property, as of October 1, 1990, was $41,804,960. CT Page 4887
The stipulation further provided that the 1991 assessment shall not be changed from the 1990 assessment except that "it shall increase at the rate of $22.48 per square foot (assessed value) for any newly built out space." This stipulation was executed on June 27, 1991, and judgment based on this stipulation was subsequently entered.
JMB Realty Corp. brought this second tax appeal contending that the stipulation in JMB Realty Corp. I was limited to the assessment years of 1989, 1990 and 1991. JMB further contends that when it executed the stipulation with the city it had expected the assessor to undertake a new city-wide revaluation in 1992. The city council passed a resolution in January 1991 requesting that the assessor conduct a revaluation in 1992, and the city assessor did consider a new revaluation in 1992. However, the city council, the legislative body of the city, subsequently failed to fund the cost of the revaluation. The state legislature later enacted legislation which allowed municipalities, including the city of Hartford, to defer a city-wide revaluation to a later date. Hartford has deferred the city-wide revaluation from October 1, 1989, to a date to be set in the future.
The plaintiffs argue that the stipulation was a contract between the parties. The plaintiffs further argue that when the city did not conduct the revaluation of real estate in Hartford in 1992, as was expected, the consideration for the contractual stipulation failed, thereby voiding the stipulation. The city's response is that the city council could not require the assessor to conduct a revaluation in 1992. The city also relies on the holding in Great Meadow Associates Limited Partnership v. Town ofRocky Hill, Superior Court, judicial district of Hartford/New Britain at Hartford, docket no. CV94-0537058 (November 22, 1995) (Aronson, J.) (Great Meadow Associates II). Great MeadowAssociates II, on facts similar to those in the present action, held that the plaintiff's claim for tax relief was barred by the doctrine of collateral estoppel where the same parties seek to relitigate the same issue of valuation which was previously decided.
In this case, the parties stipulated to the fair market value of the subject property on October 1, 1989, the revaluation year for the city. The stipulation was entered as a judgment of this court by agreement of the parties. "Collateral estoppel prohibits CT Page 4888 the relitigation of an issue of fact or law that `was actually litigated and determined by a valid and final judgment.'Crochiere v. Board of Education, 227 Conn. 333, 343,630 A.2d 1027 (1993)." Great Meadow Associates II, supra, p. 3. See alsoUniroyal, Inc. v. Board of Tax Review, 182 Conn. 619, 633,438 A.2d 782 (1981).
Although the stipulation executed by JMB Realty Corp. only deals with the assessment years of 1989, 1990 and 1991, and not subsequent years, "the 1989 agreed upon valuation is the fair market value for the grand list of every year after 1989 until the next revaluation." Great Meadow Associates II, supra, p. 5. The plaintiffs seek to leave in place the values established in the 1991 stipulation, but then seek to establish a new lower determination of fair market value as of October 1, 1989, upon which to base the assessments for 1992 and subsequent years. As is discussed in greater detail in Konover v. City of Hartford,
Superior Court, judicial district of Hartford/New Britain at Hartford, docket no. CV94-0537680 (June 7, 1996) (Aronson, J.), this would result in an impermissible interim revaluation. Id., pp. 5-6; see General Statutes § 12-62; Uniroyal. Inc. v.Board of Tax Review, supra, 182 Conn. 633; Ralston Purina v.Board of Tax Review, 203 Conn. 425, 525 A.2d 91 (1987).
The stipulated judgment in JMB Realty Corp. I set the assessment of the parties based upon the fair market value of the subject property as of October 1, 1989. This determination is conclusive and precludes JMB Realty Corp. from relitigating the same issue.
In Konover, supra, this court dealt with the claim that the consideration for the stipulation failed when the city failed to do a city-wide revaluation in 1992. As in Konover, if the validity of the 1991 stipulated judgment was contingent upon a revaluation in 1992, the stipulation should have expressly so stated. Second, even if the court considers the affidavit provided by the plaintiff stating that it relied upon the City Council's resolution requesting that the assessor conduct a revaluation, we find such reliance to be unreasonable, in that the plain wording of the resolution was to request that the assessor conduct a revaluation in 1992. The sole responsibility for conducting a revaluation is vested in the assessor. See General Statutes § 12-62; Willis v. Saver, 19 Conn. Sup. 215,218, 111 A.2d 36 (1954); Konover v. City of Hartford, supra,
p. 4. CT Page 4889
Accordingly, the plaintiffs' appeal is dismissed without costs to either party.
ARONSON, J.