[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Presently before the court is the defendant City of Waterbury's motion for summary judgment. The defendant argues that the plaintiff's claim for a reduction in its property tax assessment for the years 1995 and 1996 is barred by the doctrine of collateral estoppel.
The facts and procedural history giving rise to this claim are largely undisputed. This matter is brought as a real property tax appeal pursuant to General Statutes § 12-117a. The property in issue is known as the "old Croft School" on Scovill Street in Waterbury. The property was last valued for tax purposes in 1979 when the last city wide revaluation occurred. In 1988 the previous owner of the property, Croft Associates appealed the City Assessor's revaluation arising out of improvements to the property. Croft and the City entered into a stipulated judgment in 1988 providing for a reduction in the assessment for the grand list for the years 1986-1988. In 1995 the plaintiff acquired the property from the FDIC after foreclosure. In 1996 the plaintiff unsuccessfully petitioned the Waterbury Board of Tax Appeal for a reduction in the assessed value. This appeal followed, challenging the assessment of the property for the grand list years 1995 and 1996.
The defendant moves for summary judgment. It argues that the 1988 stipulated judgment reducing the assessment of the property acts as a bar, under the doctrine of claim preclusion, to the present appeal which also seeks a reduction of the assessed value of the property. In support CT Page 1051 of its claim the defendant relies on a series of recent Supreme Court decisions holding that a property owner will be collaterally estopped from bringing successive applications for reassessment if a prior application has been successful. The plaintiff objects to the motion, arguing that the issue in the instant proceeding is not identical to the issues raised in the 1986 appeal.
The law governing the defendant's claim is well established. Collateral estoppel precludes a party from relitigating issues and facts determined in an earlier proceeding involving the same parties or those in privity with them. Weiss v. Statewide Grievance Committee, 227 Conn. 802 (1993). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It must also have been actually decided and the decision must have been necessary to the judgment." Aetna Casualty Surety Company v. Jones, 220 Conn. 285, 296
(1991). Our Supreme Court has ruled that collateral estoppel may serve as a bar to a subsequent tax appeal by a plaintiff in privity with an owner who has previously appealed an earlier valuation of the property. InUniroyal, Inc. v. Board of Tax Review, 182 Conn. 619 (1981), the Court evaluated the precise issue raised in this case:
 In Uniroyal I, the plaintiffs made the same claim with regard to the assessments for the years October 1, 1973, and October 1, 1974. In this regard the plaintiffs may make the identical claim with regard to the years 1975, 1976, and 1977. The assessment for the years 1973-1977 were identical.
 In Uniroyal I, this court determined that a full value of $32,959.760 was a fair and proper valuation for the October 1, 1973 and October 1, 1974 grand list. The 1971 revaluation in Middlebury is valid for a period of ten years. General Statutes § 12-62. The annual grand list for every year since October 1, 1971, has been composed on the basis of 1971 values. The litigation of the 1973 and 1974 listings determined that the 1971 valuation of $32,959.760 was proper. The issue decided in Uniroyal I is thus dispositive of the plaintiffs' claim. The earlier decision bars the plaintiffs' claim that the valuation established for 1971 is improper.
Id., 182 Conn. 633. See, also, JMB Realty Corp. v. City of Hartford,1996 Ct. Sup. 4885, 17 CLR 217 (1996, Aronson, J.).
Plaintiff seeks to avoid the force of these rulings by arguing that CT Page 1052 "the plaintiff is not praying for a revaluation based on changes subsequent to the 1979 decennial revaluation, but rather for adetermination of the validity of the original revaluation itself." (Emphasis in original). Plaintiff's Amended Objection to Motion for Summary Judgment, June 16, 2000, p. 4.
In DeSena v. Waterbury, 249 Conn. 63 (1999) the Supreme Court "expressly rejected the argument that changes in property value resulting from market conditions constitute a sufficient basis upon which a taxpayer may compel an interim revaluation of property." Id at 75-76. Attempting to avoid the bar to an interim assessment imposed by DeSena, plaintiff posits that it is not seeking an interim revaluation, but rather is attempting to challenge the "validity of the original 1979 revaluation itself." In support of this argument, plaintiff relies on Waterbury HotelEquity LLC v. City of Waterbury Board of Assessment Appeals, 2000 WL 639356 (Conn. Superior 2000). In that matter the trial court noted "the distinction between requesting a revaluation because the original revaluation was in error and requesting a revaluation because circumstances subsequent to the initial revaluation have effected a change in the present true and actual value of the property."
Assuming the validity of the legal distinction set forth in Waterbury Hotel Equity, it is clear from plaintiff's own pleadings that it is not, in fact, challenging the original 1979 valuation and assessment. The first and succeeding counts of plaintiff's complaint allege that on October 1, 1995 Schoolhouse Properties was the owner of certain property and that "the assessor of the City of Waterbury determined that the true and actual valuation on that assessment date was as follows." The import of plaintiff's allegations, fairly construed, is that the valuation of the properties in question in 1995 and 1996 was excessive. Nowhere in the complaint is there any claim that Schoolhouse is challenging the original revaluation, as it now claims. Further, a review of the moving papers and stipulation in the 1985 action also discloses that that action represented a challenge to the 1986-1988 valuations.
Under these circumstances the court concludes that there is no material fact in dispute as to whether the issues decided in the 1985 appeal are identical to the issues in the present case. Both challenged interim valuations. In addition the court finds that, as a matter of law, the instant action, as framed by the pleadings, is a challenge to the 1995 and 1996 valuations, and is not, as asserted by the plaintiff, a challenge to the validity of the original 1979 assessment. Accordingly, the defendants motion for summary judgment is granted.
SO ORDERED. CT Page 1053
 ___________________, J. HOLZBERG