[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #103
The plaintiffs move for summary judgment as a matter of law. The motion is denied.
Facts
On May 9, 2002, the plaintiffs, Bruce Morris and George Kleeman, filed a one-count complaint against the defendants, Robert Congdon, Gerald Grabarek, Thomas Maurer[1] and the board of selectmen for the town of Preston (the board) seeking an order compelling the board to warn a special meeting. The plaintiffs allege that the defendants, as members of the board, violated General Statutes § 7-1 (a) by refusing to warn a special town meeting. The plaintiffs allegedly submitted an application to the Preston town clerk signed by more than fifty inhabitants of the town of Preston, who are qualified to vote, asking the board to warn a special town meeting "[t]o consider and act upon a motion to eliminate the position of a paid full-time or part-time town planner." (Plaintiff's Exhibit A.) The plaintiffs are now seeking a writ of mandamus ordering the defendants to call a town meeting.
On July 3, 2002, the plaintiffs moved for summary judgment asserting that there were no triable issues of fact and they were entitled to judgment as a matter of law. The plaintiffs argue that there is no genuine issue of fact that the defendants had a statutory duty to warn a special town meeting. In support of their motion, the plaintiffs submitted a memorandum of law together with affidavits attesting that the application was submitted pursuant to General Statutes § 7-1, the selectmen refused to hold a meeting within 21 days of the application, and further, the position of town planner was not created by an ordinance. The plaintiffs also submitted exhibits with their motion. Exhibit A is a copy of the "Application for Special Town Meeting" and exhibit B is a certified copy of the minutes from the Preston board of selectmen's meeting with an attached letter from the town attorney advising the board not to entertain the application. CT Page 1468
The defendants submitted a memorandum of law in opposition to the plaintiffs' motion for summary judgment on August 14, 2002, asserting that the plaintiffs' petition was improper and, therefore, the board had the discretion to decide not to warn a special meeting. In support of their memorandum in opposition, the defendants submitted certified copies of: (1) town of Preston notice of the June 20, 2002 town meeting and the July 2, 2002 referendum (exhibit A); (2) general government 2002-03 proposed budget (exhibit B1); (3) general government and board of education 2002-03 proposed budget (exhibit B2); (4) adopted general government and board of education 2002-03 budget (exhibit B3); (5) notice of public hearing for the proposed budget (exhibit C); notice of May 23, 2002 town meeting and June 4, 2002 referendum (exhibit D); (6) official absentee ballot and July 2, 2002 referendum (exhibit B); and (7) board of education budget adopted at the July 10, 2001 special town meeting (exhibit F). The defendants also submitted an affidavit from first selectmen Robert Congdon, a defendant in this action, who attests that it has always been the administrative duty of the board to hire and fire town employees, the board has never held a town meeting to determine whether to create or terminate an employment position, and it was his understanding that the purpose of the plaintiffs' petition was to have the current town planner fired and not to eliminate the position of town planner. (Exhibit G.)
Discussion
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250,802 A.2d 63 (2002).
"[T]he writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." (Internal quotation marks omitted.) Hennesseyv. Bridgeport, 213 Conn. 656, 659, 569 A.2d 1122 (1990). "A party seeking a writ of mandamus must establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and CT Page 1469 (3) that the plaintiff has no adequate remedy at law." (Internal quotation marks omitted.) Id.
The plaintiffs maintain they have met the above mentioned criteria for issuing a writ. They contend that, upon a proper petition, the board has no discretion but to call a meeting, and noncompliance is enforceable by mandamus. The issue before this court is whether the petition was brought for a proper purpose. General Statutes §§ 7-1 and 7-7 mandate that a special town meeting must be held upon proper application to the board of selectmen. This meeting must be requested for a legitimate and proper purpose, however. Windham Taxpayers Assn. v. Board of Selectmen,234 Conn. 513, 520, 662 A.2d 1281 (1995); Lyon v. Rice, 41 Conn. 245, 248
(1874); Willis v. Sauer, 19 Conn. Sup. 215, 111 A.2d 36 (1954).
The plaintiffs contend that the purpose of the petition is proper pursuant to § 7-148 (c) (5) of the General Statutes because "the town meeting may provide for the employment of all officers and employees of the municipality . . ." (Plaintiffs' Memorandum, p. 10.) The plaintiffs claim that "the elimination of the town planner position is available by legislative action of the body politic; establishing and abolishing municipal positions is not the sole domain of the selectmen." (Id., 11.)
The defendants refute the plaintiffs' argument, claiming the purpose of the petition was improper because it is the sole administrative responsibility of the board to hire essential town employees, and the board believed that the petition was not brought in good faith. (Defendants' Exhibit G.) They argue that General Statutes § 7-148
broadly defines the scope of municipal powers. One such power is to create ordinances, and another is to provide for employment. General Statutes §§ 7-148 (b), 7-148 (c) (5) (C). Section 7-12 of the General Statutes details the numerous duties of the board of selectmen including the duty to "superintend the concerns of the town." The defendants observe that the board has traditionally considered the creation of positions that were needed to maintain the town as one of their superintending concerns, an administrative duty. General Statutes §7-148 delineates the scope of municipal powers. It is silent, however, with respect to whether a town meeting is required for matters concerning the employment of town personnel.
When a board of selectmen acts in its administrative capacity the town meeting has no authority over the board's decisions. State ex rel.McDermott v. Wilkinson, 88 Conn. 300, 90 A. 929 (1914). The plaintiffs' petition sought to have the board warn a special town meeting for the purpose of eliminating the position of the town planner. (Plaintiffs' Exhibit A.) The position of town planner was not created by legislative CT Page 1470 action but was created by the board, as an administrative agent, which deemed it a necessary position for the running of the town. (Defendants' Exhibit G.) The court finds, as a matter of law, that the plaintiffs' petition was not for a proper purpose and that the defendants were legally justified in refusing to warn the meeting. General Statutes §§ 7-1, 7-7. The powers with regard to employment and creation of essential town positions are strictly administrative duties of the board and not a legislative act requiring a town meeting. General Statutes §§ 7-12,7-148.
Conclusion
For the forgoing reasons, the plaintiffs are not entitled to a writ of mandamus compelling the warning of a special town meeting. The plaintiffs' motion for summary judgment is denied.
D. Michael Hurley, JTR