THOMAS *v.* JEWELL.

1. DEEDS—INTERPRETATION—INTENT.

In interpreting deeds, the primary object is to determine the intention of the parties from the instrument itself, but if the instrument indicates an ambiguity, resort may be had to extraneous matters.

2. SAME—EXCEPTIONS—WORDS OF INHERITANCE.

When a grantor retains in himself title to a part of the land described in a deed, it is an exception, and words of inheritance are not necessary to retain in him the title for himself and his heirs.

3. SAME—DEVOTION TO PARTICULAR PURPOSE.

A grantor who states in his deed that he excepts a certain portion of the land because he wants it for a certain purpose cannot be held to have conveyed that which he has expressly excluded because he afterwards devotes it to a different purpose.

4. CONTRACTS—AMBIGUITIES—PAROL EVIDENCE.

Where the language of an agreement is susceptible to more than one meaning, it is construed in the light of circumstances surrounding its execution, the relation of the parties, the nature of the subject matter, and the apparent purpose in making the agreement; but when the language of an agreement leaves no doubt as to its meaning, it must be considered without regard to extraneous facts.

5. SAME—COVENANTS—INTENT.

The intention of parties to an agreement is to be deduced from the language employed by them, the question being not what intention existed in the minds of the parties but what intention was expressed in the language used; and where unambiguous, the terms of a restrictive covenant are conclusive.

6. DEEDS—EXCEPTIONS—INTERPRETATION.

Owner of land who leased a piece of land 10 rods square to a school district "for a school house site as long as occupied for school purposes" in the corner of a quarter sec-

tion of land and thereafter executed a warranty deed conveying the quarter section to plaintiffs' predecessors in title "except 10 rods square lying in the northeast corner, which is leased to the school district as long as occupied for school purposes, with the right to occupy only," kept the title thereto in grantor and upon abandonment by school district and termination of lease, plaintiff was not entitled to possession, there being no ambiguity in the language used permitting use of extrinsic evidence for explanation.

Appeal from Kent; Hoffius (Cornelius), J.   Submitted January 6, 1942.   (Docket No. 6, Calendar No. 41,806.)   Decided February 11, 1942.

Bill by Nathan C. Thomas and another against Dewey E. Jewell and wife to restrain building upon or occupation of certain premises and to quiet title. Bill dismissed.  Plaintiffs appeal.  Affirmed.

*Henry J. Blakely,* for plaintiffs.

*Allaben & Wiarda,* for defendants.

SHARPE, J.  This is a suit to restrain defendants from building upon or occupying certain premises and for an order quieting title to the property.

In 1864, Morgan Allen was the owner of the northeast quarter of section 24, town 9 north, of range 11 west, Kent county.  On September 28th of that year he executed a lease to the school district of a piece of land 10 rods square in the northeast corner of the above-described quarter section "to have and to hold the same for a school house site as long as occupied for school purposes."  On October 10, 1864, Allen and wife executed a warranty deed to John D. Miller of the above-described premises "except 10 rods square lying in the northeast corner, which is leased to the school district as long

as occupied for school purposes, with the right to occupy only." Title to the east half of the quarter section finally came to rest in the First National Bank of Detroit which sold it on a land contract on June 27, 1938, to plaintiffs' assignors. The land contract contains the provision "except 10 rods square in the northeast corner for school house." The school site was abandoned by the school district in about 1935.

Defendant Dewey E. Jewell is one of the direct heirs of Morgan Allen. He acquired by deeds the interest of all the known heirs of Morgan Allen, a quitclaim deed from the school district; and on December 29, 1939, he obtained a decree quieting title to the property leased for school purposes. In the spring of 1940, Jewell moved a house-trailer onto the premises.

Thereafter, plaintiffs filed their bill of complaint and alleged that the proceedings taken by Jewell to quiet title were void because no personal notice was given to plaintiffs or their predecessors in title. Defendants filed an answer and also a motion to dismiss plaintiffs' bill of complaint. The trial court dismissed plaintiffs' bill of complaint on the ground that Morgan Allen had never conveyed the school site, but had excepted it from the description in the deed when he sold the premises to John Miller.

Plaintiffs appeal and contend that the instrument executed by Allen to the school district was a lease and created the relationship of landlord and tenant which terminated when the premises were abandoned for school purposes; and that Morgan Allen and wife intended by their deed to convey to Miller the whole quarter section without excepting the piece of property leased for school purposes.

It is a general rule that in interpreting deeds and other written instruments, the primary object is to

determine the intention of the parties from the instrument itself. If the instrument indicates an ambiguity, then resort may be had to extraneous matters.

In *Derham* v. *Hovey*, 195 Mich. 243, 247 (21 A. L. R. 999), we said:

"In interpreting devises and reservations in deeds, the purpose is to discern the intention of the testator, or grantor from the words employed; the subject matter and attending circumstances to be considered where the words have a doubtful meaning."

In *Peck* v. *McClelland*, 247 Mich. 369, one McClelland owned a piece of land. He sold a part of it:

"excepting and reserving a strip of land across the south end of the said lot, 14 feet wide running east and west for an alley, a right of way from the south end of said above devised premises to Saginaw street is granted by first parties to second party."

Another parcel of land was sold:

"excepting and reserving from the above-described premises a strip of land on the south side thereof, 14 feet wide, as an alley or right of way for second parties from the south side of the above-devised premises to Saginaw street in the said village."

Later he conveyed another parcel of land:

"reserving a strip of land 14 feet wide off the south end of above-described land for alley."

The exceptions and reservation formed a continuous strip of land. By mesne conveyances all of the land out of which the exceptions and reservation were made merged in plaintiff, who claimed that the language created an easement only. Defendants claimed that the 14-foot strip of land belonged to

McClelland; that he never parted with title thereto and on his death passed to his heirs. The court said:

" 'If the grantor, no matter what the words may be, retains in himself title to a part of the land described in the deed, it is an exception. In such case words of inheritance are not necessary to retain in him the title for himself and his heirs. This is reasonable, because the deed did not purport to convey the title to the part excepted, nor to devest him of it. "Whatever is excluded from the grant by exception remains in the grantor as of his former title or right." ' *Negaunee Iron Co.* v. *Iron Cliffs Co.,* 134 Mich. 264.

"By the deeds here involved, there is an exception of the 14-foot strip. It is not conveyed by the grantor to the grantee in any deed. A right of way over this 14-foot strip was given by the grantor to the grantee but the fee was retained by the grantor.

" 'A grantor who states in his deed that he excepts a certain portion of the land because he wants it for a certain purpose cannot be held to have conveyed that which he has expressly excluded because he afterwards devotes it to a different purpose.' *Mayor, etc., of New York* v. *Railroad Co.,* 69 Hun, 324 (23 N. Y. Supp. 562); *Delano* v. *Luedinghaus,* 70 Wash. 573 (127 Pac. 197).

"If this 14-foot strip was excepted from the deeds of McClelland, the title thereto remained in him, and, upon his death, passed to his heirs, subject to the easement."

In *Moore* v. *Kimball,* 291 Mich. 455, 461, we said:

"Where the language of an agreement is susceptible to more than one meaning, it is construed in the light of circumstances surrounding its execution, the relation of the parties, the nature of the subject matter, and the apparent purpose in making the agreement; but these considerations do not apply when the language of the agreement leaves no doubt

as to its meaning. In such a case, it must be considered without regard to extraneous facts. See 13 C. J. p. 544. The intention of the parties is to be deduced from the language employed by them, The question is not what intention existed in the minds of the parties, but what intention was expressed in the language used; and where unambiguous, the terms of the restrictions are conclusive.''

In the case at bar, the instrument executed by Morgan Allen to the school district was a lease which terminated when the premises were abandoned for school purposes. The deed from Morgan Allen to Miller excepted the piece of property leased to the school district. There is no ambiguity in the words used and the rule permitting extrinsic evidence to explain the words used in the Miller deed has no application in this case. It follows that Morgan Allen having expressly excepted from the conveyance the land leased for school purposes, he kept the title of such leased property in himself. Plaintiffs' vendor never acquired title to the school site, nor did it attempt to convey it to plaintiffs.

The decree of the chancery court is affirmed. Defendants may recover costs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.