MEADOW BRIDGE CONDOMINIUM ASSOCIATION v BOSCA

Docket No. 113144. Submitted June 27, 1990, at Detroit. Decided
October 29, 1990; approved for publication January 29, 1991, at
9:45 A.M.

The Meadow Bridge Condominium Association brought an action
in the Macomb Circuit Court against Humbert and Jeanette
Bosca, co-owners of a unit in the condominium, seeking an
order to enforce a 1985 rule and regulation of the Association
Board of Directors prospectively prohibiting the keeping of a
dog by a co-owner of a condominium unit, but allowing co-
owners to keep dogs properly licensed and registered with the
association before the adoption of the rule and regulation. A
bylaw in existence prohibited the keeping of all animals with-
out specific written approval of the association. The defendants,
who obtained a dog in 1987, argued that the 1985 board action
was an amendment of the condominium bylaws, rather than a
rule and regulation adopted under the bylaws, and therefore
was invalid and unenforceable because it had not been ap-
proved as required by the bylaws by sixty percent of the co-
owners. The court, Frederick D. Balkwill, J., granted the defen-
dants' motion for summary disposition, dismissing the action.
The plaintiff appealed.

The Court of Appeals *held:*

The court erred in ruling that the 1985 board action was an
amendment of the condominium bylaws. The 1985 regulation is
not inconsistent with the original bylaws and does nothing to
change the general rule that no dog could be kept without
specific approval in writing by the association. The board had
the authority to issue the regulation under the bylaws as
additional rules and regulations with respect to animals as it
deemed proper. The regulation merely set out the board's
decision to implement or manage the pet ownership rule by
prospectively denying approval of new dogs.

Reversed.

*Wayne G. Wegner,* for the plaintiff.

*Samuel M. J. Simon,* for the defendants.

Before: MICHAEL J. KELLY, P.J., and GILLIS and GRIBBS, JJ.

PER CURIAM. Plaintiff Meadow Bridge Condominium Association appeals as of right from a circuit court order granting defendants' motion for summary disposition. MCR 2.116(C)(8), (10). We reverse.

The facts, which appear to be largely undisputed, are as follows. Meadow Bridge Condominium Association is a nonprofit corporation formed to administer and manage the affairs of Meadow Bridge Condominium. Defendants Humbert and Jeanette Bosca are co-owners of a unit in Meadow Bridge Condominium. The condominium bylaws provide that all co-owners are subject to the condominium bylaws, rules, and regulations. The Association Board of Directors is charged with the specific responsibility of enforcing the provisions of the various condominium documents, including the bylaws.

Among other things, the condominium bylaws provide that "no animals shall be maintained by any co-owner unless specifically approved in writing by the Association." The bylaws authorize the association to "adopt such additional rules and regulations with respect to animals as it may deem proper." The association can also remove any animals determined to be in violation of bylaw restrictions.

The board of directors granted written approval to pet owners, including dog owners, for a number of years. However, in March 1985, because of numerous complaints from residents, the board adopted a rule and regulation prohibiting new dogs. Co-owners were allowed to keep any dogs that had been properly licensed and registered with the association before the adoption of the

1985 regulation. The ownership of other animals, such as cats, was not affected by the 1985 regulation.

In 1987, defendants obtained a small dog. The board denied defendants' petition to keep the dog, and defendants' refused to have the dog removed. Plaintiff filed this action to enforce the 1985 regulation.

The essential question in this case is whether the 1985 board action constituted a rule and regulation or an amendment of the condominium bylaws. While the board has the authority to promulgate reasonable rules and regulations, an amendment requires approval of sixty percent of the co-owners. Because the association did not hold a vote on the 1985 action, a finding that the action was an amendment would render it invalid and unenforceable. The trial court ruled that the board action was an amendment and accordingly granted defendants' motion for summary disposition. We find that the trial court erred.

Defendants suggest, and we agree, that a rule or regulation is "a tool to implement or manage existing structural law," while an amendment "presumptively changes existing structural law." See Black's Law Dictionary (5th ed). In this case, the existing original bylaw states that "no animals shall be maintained by any co-owner unless specifically approved in writing by the Association." The 1985 regulation is not inconsistent with the original bylaw and does nothing to change the general rule. The 1985 regulation merely sets out the board's decision to implement or manage the pet ownership rule by prospectively denying approval of new dogs.

It is well settled that individual interest must

often yield to the interest of the condominium community. This Court has noted, quoting *Hidden Harbour Estates, Inc v Norman,* 309 So 2d 180, 181-182 (Fla App, 1975):

> "[I]nherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic subsociety of necessity more restrictive as it pertains to use of condominium property that may exist outside of the condominium organization. The Declaration of Condominium involved herein is replete with examples of the curtailment of individual rights usually associated with private ownership of property." [*Cohan v Riverside Park Place Condominium Ass'n, Inc (After Remand),* 140 Mich App 564, 569-570; 365 NW2d 201 (1985).]

Despite defendants' belief that an exception should be made for their small dog, we find that the board had the authority to issue the 1985 regulation. Summary disposition was improperly granted.

Defendants also allege that plaintiff did not file a timely appeal in this matter. We note that this issue was not raised in a cross appeal and therefore is not preserved for appeal. In any event, our review of the court file reveals that plaintiff properly filed its appeal within twenty-one days of the entry of the order in this case. MCR 2.602(A), 7.204(A)(1)(a).

Reversed.