THREADGILL, Judge.
The appellant, the trustee of a revocable trust, appeals from an order of the trial court which impressed a life interest in favor of the appellee on a home owned by the trust. We affirm.
Evidence at the nonjury trial established that the appellee and her husband moved from South Carolina to Naples, Florida to be near the husband’s elderly mother, the trust’s settlor. Conflicting evidence was presented concerning the circumstances that prompted the move. The testimony supporting the trial court’s order, however, showed that the trustee traveled to South Carolina and told the couple that the settlor wanted them to move to Florida to be nearer to her. To induce them to move, the trustee offered to buy a home in which the couple would have a joint life estate. Accepting the arrangement, the couple removed themselves from their interests in South Carolina and moved into the home provided by the trust. Once the couple was in the home, the trustee’s conduct toward them was consistent with their having a life estate. Four years later, however, after the husband had died, the trustee notified the appellee that the trust had determined to sell the home. The appellee refused to move out asserting her right to a life estate. The trustee instituted eviction proceedings which gave rise to the subject of this appeal.
Based upon evidence that the trustee acted as the couple’s advisor in this move as well as in their personal financial affairs, the trial court concluded the trustee had established a fiduciary relationship with the couple. The trial court found that the trustee breached his fiduciary duty by not providing for the life estate as promised. The trial court imposed a constructive trust to protect the beneficial interest of the appellee for the remainder of her life. The appellant contends that the elements necessary to impose a constructive trust have not been established by the evidence. We need not address that issue, however, as the trial court’s decision is supported by an alternative theory and therefore must be affirmed. See U.S. Home Corp. v. Suncoast Utilities, Inc., 454 So.2d 601 (Fla. 2d DCA 1984).
We affirm on the authority of Cottages, Miami Beach, Inc. v. Wegman, 57 So.2d 439 (Fla.1951), reh’g denied, 59 So.2d 528 (Fla.1952). In Cottages, a father wrote to his daughter, requesting her to leave her home in New York City and move to Miami Beach for the purpose of assisting him in the operation of his business in connection with certain real estate he was in the process of purchasing. As an inducement to accept his offer, the father promised his daughter he would "vest in her a one-half interest in and to the said described property.” Id. at 440. The daughter accepted the offer, gave up her home in New York City, and moved with her child to Miami Beach.
The father later died and the daughter filed a suit against the executrix of his estate seeking specific performance of the alleged agreement. The trial court entered judgment for the daughter and the supreme court affirmed.
The supreme court found that the agreement between the father and daughter amounted to an oral promise to convey an interest in real property. The court held that the daughter’s performance of her part of the agreement, together with her possession of the property to which the agreement related, was sufficient to take the oral agreement out of the statute of *40 frauds. The supreme court further considered the prejudice which would result to the daughter if the oral contract were not performed. The court noted that by virtue of the agreement proposed by the father, the daughter was compelled to disrupt her pattern of life, to sever old ties, and to establish new ones in a distant city. Id. at 442.
The factual circumstances in this case are very similar to those in Cottages and we feel that the equities are as compelling. We conclude, as did the court in Cottages, that the appellee fully performed her part of the oral agreement, moved from South Carolina, and took possession of the home in Naples so her husband could be close to his mother. Under these circumstances, we find that she was entitled to a life estate in the home as was promised by the trustee.
Accordingly, we affirm the order of the trial court granting a life estate in favor of the appellee. Implicit in the trial judge’s order was a denial of the trustee’s complaint for eviction. Therefore, we affirm the order in all respects.
Affirmed.
FRANK, A.C.J., and HALL, J., concur.