■ MICHAEL J. RONALDSON et al., Respondents, v COUNTRY-SIDE MANOR CONDOMINIUM BOARD OF MANAGERS et al., Appellants.—In an action, *inter alia,* for a permanent injunction directing the defendants to remove certain fences and to restore common areas, the defendants appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated October 12, 1990, which granted that branch of the plaintiffs' motion which was for summary judgment granting a permanent injunction requiring removal of the fences and denied the defendants' cross motion for summary judgment.

Ordered that the order is modified, on the law, by adding a provision that, upon searching the record, judgment is granted to the plaintiffs dismissing the defendants' counterclaim to recover damages for abuse of process; as so modified, the order is affirmed, with costs to the plaintiffs.

The Countryside Manor Condominium Board of Managers (hereinafter the Board) gave permission to unit owners to enclose the property to the rear of their respective units by erecting six-foot fences. The plaintiffs, other unit owners within the condominium, objected, contending that the fences deprived them of the use of common elements of the condominium. The plaintiffs commenced this action alleging that the Board lacked the authority to permit installation of the fences and did so in violation of the By-Laws and Offering Plan. The Supreme Court, *inter alia,* granted the plaintiffs' motion for a permanent injunction. We agree.

The Declaration of the Condominium indicates in pertinent part that, "common elements consist of the entire Property, including all parts of the Buildings other than the units". Therefore, the property enclosed by the fences is part of the common elements. Real Property Law § 339-i (3) and (4) provides that:

"(3) The common elements shall remain undivided and no right shall exist to partition or divide any thereof, except as otherwise provided in this article * * *

"(4) Each unit owner may use the common elements in accordance with the purpose for which they are intended, without hindering the exercise of or encroaching upon the rights of the other unit owners, but this subsection shall not be deemed to prevent some unit or units from enjoying substantially exclusive advantages in a part or parts of the common elements as expressed in the declaration or by-laws."

With respect to the defendants' counterclaim to recover damages for abuse of process, we have searched the record and determined that the plaintiffs are entitled to summary judgment dismissing the counterclaim. The commencement of a legal action has never been held to constitute abuse of process *(see, Curiano v Suozzi,* 63 NY2d 113; *Weisman v Weisman,* 108 AD2d 853). The process must be improperly used after it has been issued. The allegation that there was an improper motive in bringing the action to recover damages does not give rise to a cause of action to recover damages for abuse of process *(see, Curiano v Suozzi, supra,* at 117; *Marks v Marks,* 113 AD2d 744) There is no allegation by the defendants that process has been improperly used; therefore, the counterclaim should be dismissed. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.