■ SETH COHEN, Appellant, v BOARD OF MANAGERS OF THE 22 PERRY STREET CONDOMINIUM et al., Respondents, et al., Defendants. [718 NYS2d 61] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 21, 2000, which, pursuant to the parties' stipulation, in lieu of determining defendants' motion to dismiss the complaint, declared that defendant Board of Managers, in granting permission to defendant condominium unit owners Joel Garcia and John Kennes to enclose a portion of the common elements of the condominium, did not violate Real Property Law § 339-i, the condominium's Declaration or By-Laws; and orders (two papers), same court and Justice, both entered April 21, 2000, which separately

denied, as moot, plaintiff's motions to amend the complaint and to hold Garcia and Kennes in contempt, unanimously affirmed, without costs.

Plaintiff is the owner of unit 2C in the 22 Perry Street Condominium. Defendants Garcia and Kennes are the owners of unit 2E, which was subsequently combined with unit 2D by utilizing a 3½ foot by 4 foot portion of the hallway space in front of the combined units' two entrance doors to make a single new entrance door. The Board of Managers and Garcia and Kennes later entered into an agreement granting Garcia and Kennes a one-year license, terminable by either party, to use the above-described 14 square feet of space in exchange for a fee proportional to the percentage allocated to the utilized element.

Plaintiff's contention that the Board's agreement violated Real Property Law § 339-i, as well as the condominium's Declaration and By-Laws is untenable. It is clear that defendants' grant of a revocable license to use the hallway area in question did not affect the common interest appurtenant to each unit, or contravene the method for calculating common interest under Real Property Law § 339-i (1); that the common interest appurtenant to each unit as expressed in the condominium's Declaration has retained its permanent character and has not been altered by the construction of the wall (Real Property Law § 339-i [2]); that plaintiff still enjoys the same percentage of ownership of the common elements as he did prior to the erection of the wall and, accordingly, that there has been no violation of Real Property Law § 339-i (3); and that the condominium Board's action in permitting construction of the walled area did not affect or in any way compromise plaintiff's use of the subject hallway (*see*, Real Property Law § 339-i [4]; *cf., Ronaldson v Countryside Manor Condominium Bd. of Mgrs.*, 189 AD2d 808, *lv dismissed* 82 NY2d 706). Since the order declaring in defendants' favor is determinative of the issues raised in plaintiff's proposed amended/supplemental verified complaint, the denial of the motion to amend the complaint was proper.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Rubin, JJ.