### THOMAS P. WELDY ET AL. *v.* NORTHBROOK CONDOMINIUM ASSOCIATION, INC., ET AL.
### (AC 25465)

Lavery, C. J., and DiPentima and McLachlan, Js.

Argued February 14—officially released June 14, 2005

*Thomas P. Weldy*, for the appellants (plaintiffs).

*Ari J. Hoffman*, for the appellees (defendants).

*Opinion*

LAVERY, C. J. The plaintiffs, Thomas P. Weldy and Elizabeth C. Weldy, appeal from the judgment of the trial court rendered following the denial of their motion for summary judgment and the granting of the motion for summary judgment filed by the defendants, the Northbrook Condominium Association, Inc. (association), and the board of directors (board) of the Northbrook Condominium Association, Inc. On appeal, the plaintiffs claim that the court improperly failed to find that a resolution issued by the board constituted an illegal amendment to the condominium's declaration. We agree with the plaintiffs and, accordingly, reverse the judgment of the trial court.

The parties do not dispute the relevant facts. The plaintiffs own a unit in a development known as North-

brook of Monroe, an Expandable Condominium (condominium). The defendants are the condominium's association and the association's five member board of directors.

Article nine of the condominium's declaration governs "use, purposes and restrictions" of the condominium property. Subsection 9 (e) addresses pet ownership and provides in relevant part that all "dogs, cats or household pets shall be restrained by leash or other comparable means and shall be accompanied by an owner at all times. . . ." Subsection 9 (*l*) confers on the board "the power to make such regulations as may be necessary to carry out the intent of [the] use restrictions. . . ." Pursuant to § 4 (b) (5) of the condominium's bylaws, the board possesses the power to adopt and amend "rules and regulations covering the details of the operation and use of the property, provided, however, that those rules and regulations contained in the Declaration shall be amended in the manner provided for amending the Declaration." Article eighteen of the declaration provides that the declaration may be amended only on the vote of two thirds of the unit owners and mortgagees of the condominium.

On June 27, 2003, the board, by letter, informed the condominium's owners and residents of "new regulations to the pet rules." The board cited the previously quoted language from subsection 9 (e) of the declaration and stated that the word "leash" was not defined. It further noted "instances where pets have caused injury to other pets" and the board's "opinion [that] leashes that exceed twenty feet in length do not permit owners to control their dogs sufficiently to ensure the safety of other pets and/or unit owners." According to the letter, the board, therefore, had adopted an "additional clarification pertaining to pets." The "clarification" provided in relevant part that "[l]eashes or

comparable restraints for dogs, cats or household pets shall not exceed 20 feet in length."

The plaintiffs own a nine and one-half year old black Labrador retriever. Prior to June 27, 2003, the plaintiffs played ball and Frisbee with and otherwise exercised their dog in a common area behind their unit. To do so, they used a leash that was seventy-five feet in length.

On July 28, 2003, the plaintiffs filed this action, seeking to enjoin the defendants from enforcing the purported clarification and requesting a finding that the clarification was made without legal authority, is illegal and is of no force or effect. After the plaintiffs' motion for a temporary injunction was denied, both parties filed motions for summary judgment. After a hearing, the court, in a memorandum of decision dated May 4, 2004, granted the defendants' motion and denied the plaintiffs' motion. The court agreed with the defendants that the twenty foot leash requirement constituted a clarification of an existing rule in the declaration rather than an amendment to the rules and, therefore, that the board had not exceeded its authority. It considered the board's action to have been taken properly pursuant to subsection 9 (*l*) of the declaration, insofar as it "implement[ed] the intent contained in [subsection 9 (e)] that animals be 'restrained animals.' " This appeal followed.

Our standard of review of a court's ruling on a motion for summary judgment is well settled. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Morris* v. *Congdon*, 85 Conn. App. 555, 558, 858 A.2d 279 (2004), cert. granted on other grounds, 272 Conn. 913, 866 A.2d 1284 (2005); see also Practice Book § 17-49. "Our review of the trial court's decision to grant [a] motion for sum-

mary judgment is plenary." (Internal quotation marks omitted.) *Morris* v. *Congdon*, supra, 558–59. Moreover, the interpretation of a condominium's declaration presents a question of law. 15A Am. Jur. 2d, Condominiums and Cooperative Apartments § 8 (2000).

The issue presented is whether the board properly promulgated a rule that merely clarified or implemented an existing declaration provision or, rather, effectively amended the declaration in an illegal fashion. The rule-making provisions implicated here, and the limitations on the board's power contained therein, are rooted in sections of the Common Interest Ownership Act, General Statutes § 47-200 et seq. The declaration is a condominium's master governing document and, subject to certain exceptions, a vote by a percentage of unit owners is necessary to amend it. See General Statutes §§ 47-202 (13), 47-236. An elected board is empowered generally to act on behalf of the association, which is composed of all unit owners. See General Statutes §§ 47-243, 47-245 (a), (e). The association (and thus, by extension, the board) may "[a]dopt and amend bylaws and rules and regulations . . . ." General Statutes § 47-244 (a) (1). The board, however, "may not act on behalf of the association to amend the declaration . . . ." General Statutes § 47-245 (b).

Because of the dearth of Connecticut case law addressing the propriety of condominium board rule making, we look to decisions of our sister courts for guidance. The Court of Appeals of Michigan, in considering a claim similar to the present one, has explained that "a rule or regulation is 'a tool to implement or manage existing structural law,' while an amendment 'presumptively changes existing structural law.'" *Meadow Bridge Condominium Assn.* v. *Bosca*, 187 Mich. App. 280, 282, 466 N.W.2d 303 (1990), quoting Black's Law Dictionary (5th Ed. 1979). According to that court, a provision that is not inconsistent with a

related bylaw and does nothing to change the general rule expressed therein is a permissible regulation and not an amendment. Id. The Court of Appeals of Florida employs a similar test to determine whether a board enacted rule is within the board's authority. To be found valid, the rule in question must "not contravene either an express provision of the declaration or a right reasonably inferable therefrom." *Mohnani* v. *La Cancha Condominium Assn., Inc.*, 590 So. 2d 36, 37 (Fla. App. 1991); see also *Parkway Gardens Condominium Assn., Inc.* v. *Kinser*, 536 So. 2d 1076, 1076 (Fla. App. 1988); *Beachwood Villas Condominium* v. *Poor*, 448 So. 2d 1143, 1145 (Fla. App. 1984); *Ronaldson* v. *Countryside Manor Condominium Board of Managers*, 189 App. Div. 2d 808, 592 N.Y.S.2d 459 (1993).

In *Meadow Bridge Condominium Assn.*, the court found the regulation at issue, a prohibition on acquiring new pets, to be an implementation of, rather than an amendment to, an existing bylaw that required that pet ownership be approved by the board on a case-by-case basis. *Meadow Bridge Condominium Assn.* v. *Bosca*, supra, 187 Mich. App. 282. It found the regulation consistent with the bylaw and considered it to be the board's implementation or management of the existing rule insofar as it basically amounted to a prospective denial of approval for new pets. Id. Because that denial was something the board previously could have accomplished seriatim, the regulation did not change the bylaw. Id.

Conversely, in *Mohnani*, the court found a board enacted rule that restricted owners from leasing their units within the first two years of ownership inconsistent with the declaration and, thus, invalid. *Mohnani* v. *La Cancha Condominium Assn., Inc.*, supra, 590 So. 2d 38. The relevant declaration provision allowed for the leasing of units with board approval. Id. Specifically, it required a unit owner to give the board notice of an

intention to lease and provided that within thirty days the board would either approve the proposed lease or furnish an alternative approved lessee to the unit owner. Id. The court reasoned that the board's rule contravened the declaration provision in that it effectively changed the waiting period for a prospective lessor from thirty days to two years. Id.; see also *560 Ocean Club, L.P.* v. *Ocean Club Condominium Assn.*, 133 B.R. 310, 317–18 (Bankr. D.N.J. 1991) (authority of condominium association to approve or to disapprove of leases of condominium units did not provide authority to promulgate rule restricting leases to minimum of ninety days during summer months and thirty days during remainder of year).

Applying the rationale of the foregoing cases to the present one, we conclude that the board rule limiting leash length conflicts with the leash provision in the declaration and, consequently, constitutes an illegal amendment. As in *Mohnani* and *560 Ocean Club, L.P.*, the rule effectively reduced the rights afforded by a general declaration provision by adding more particular restrictions. In *Mohnani* and *560 Ocean Club, L.P.*, general rights to lease units, though subject to board approval, were reduced to rights to lease for specific designated terms only or after a substantially greater waiting period than previously. Here, a right to have one's pet in a common area, though subject to restraint, the type of which was within the owner's discretion, has been reduced to a right to have a pet in a common area, but subject to a particular form of restraint arbitrarily designated by the board. This case is different from *Meadow Bridge Condominium Assn.* in that the declaration does not authorize or require the board to approve pet restraints on a case-by-case basis.

We further are not persuaded that the defendants' characterization of the board rule as a "clarification" of an ambiguous provision is apt. In the analogous con-

text of cases presenting the question of whether a legislative enactment was intended to be a clarification of an existing law or, rather, a change thereto, courts have taken into consideration preceding events that prompted the enactment. Specifically, "[s]tatutes passed to resolve a controversy engendered by statutory ambiguity often are deemed to have a clarifying effect. . . . [I]f the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act . . . ." (Internal quotation marks omitted.) *Levey Miller Maretz* v. *595 Corporate Circle*, 56 Conn. App. 815, 826, 746 A.2d 803 (2000) (*Schaller, J.*, dissenting), rev'd on other grounds, 258 Conn. 121, 780 A.2d 43 (2001); see also *In re Michael S.*, 258 Conn. 621, 629–30 n.10, 784 A.2d 317 (2001). "In general, legislative amendments change *unambiguous* statutes and legislative clarifications interpret *ambiguous* statutes." (Internal quotation marks omitted.) *Yuan* v. *Chow*, 96 Wash. App. 909, 912 P.2d 647 (1999), review denied, 140 Wash. 2d 1006, 999 P.2d 1261 (2000).

Here, the incidents cited by the board as the catalyst for its rule "clarification" indisputably related to dogs that were wholly unrestrained.[1] They did not implicate leash length or result from any owner confusion over the meaning of the term "leash." As such, the board's rationale that the rule change was a clarifying response to the incidents is questionable. Moreover, we believe that the meaning of the term "leash" is commonly understood and, further, that it is equally well known that leashes exist in varying lengths. The board rule did not clarify the meaning of "leash," but instead specified a

---

[1] At a hearing on the plaintiffs' motion for a temporary injunction, Steven Robifker, the board's president, agreed with the plaintiffs' counsel that the incidents involved a Border collie roaming freely and a German shepherd that had slipped out of its collar and attacked other animals. The parties stipulated that the court could consider that testimony in deciding the motions for summary judgment.

particular subset of leashes as acceptable. We conclude that the board did not clarify an ambiguous declaration provision, but rather amended an unambiguous provision.

"The declaration must always be amended in accordance with the appropriate state statute and applicable provisions in the condominium documents. Generally, an amendment to the declaration will not be valid without the . . . consent of the statutorily prescribed percentage of unit owners." G. Poliakoff, Law of Condominium Operations (1988) § 11:04. "In many instances courts have found amended provisions unenforceable where the applicable amendment procedure, mandated in the condominium documents, was not complied with." Id., § 11:01. Here, because the board's amendment was in violation of § 47-245 (b) and did not comply with the procedure specified by article eighteen of the declaration, we hold that it is invalid.

The judgment is reversed and the case is remanded with direction to render judgment for the plaintiffs.

In this opinion the other judges concurred.