# STATE OF MICHIGAN

# COURT OF APPEALS

THE MT. VERNON PARK ASSOCIATION,

      Plaintiff-Appellee,

v

PATRICIA WILLIAMS,

      Defendant-Appellant.

UNPUBLISHED
December 29, 2015

No. 323482
Oakland Circuit Court
LC No. 2013-135603-CK

Before: SAWYER, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

This appeal arises from a complaint that plaintiff, the Mt. Vernon Park Association, filed against defendant, Patricia Williams, the co-owner of a condominium unit in the Mt. Vernon Park development in Southfield. Defendant appeals as of right a circuit court order granting summary disposition in favor of plaintiff. We reverse and remand.

Plaintiff sought summary disposition under MCR 2.116(C)(9) and (10). Concerning MCR 2.116(C)(9), plaintiff contended that because defendant undisputedly failed to paint her front door in conformity with the Michigan Condominium Act, MCL 559.101 *et seq.*, and the relevant condominium documents, including rules and regulations adopted by plaintiff's board in 2009, defendant had no defense to plaintiff's claim. Regarding MCR 2.116(C)(10), plaintiff insisted that no genuine issues of material fact existed in light of defendant's undisputed failure to comply with her obligation to paint her front door and to pay plaintiff's assessments against her for failing to paint the front door. The circuit court ruled:

> The Court . . . has considered the argument . . . of counsel, and the Court looks at this matter and cannot help but look at the . . . matter concerning the other case and Ms. Clark.[1] This Court is of the opinion that reasonable minds could differ as to the meaning of the language . . . in the bylaws and the articles, and that

---

[1] Plaintiff filed a nearly identical complaint against Chantelle Clark in LC No. 2013-135604-CK. Plaintiff filed a nearly identical motion for summary disposition, defendant Clark requested summary disposition on her behalf, and the circuit court granted Clark summary disposition pursuant to MCR 2.116(I)(2).

it is not . . . repugnant to justice to read the rules as you do, [plaintiff's] counsel, even though this Court has taken a contrary opinion and made . . . an adjudication repugnant to your interpretation. But looking at this from the perspective of this non-appearing party, that the Court is comfortable in ruling favorably to you in this case, even though this Court has a different opinion, and made that manifest in its other case. . . . [A]gain, for the reason . . . that . . . it doesn't strain credulity to conclude as you do, and since she's not challenging it by her absence, the Court grants your motion.

Defendant contends that the circuit court should have granted summary disposition under MCR 2.116(I)(2) in her favor. Although defendant did not file a response to plaintiff's motion for summary disposition, she highlights the circuit court's recognition that the same facts and law applied in both LC No. 2013-135604-CK and her case. We review de novo the circuit court's summary disposition ruling. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).[2]

A summary disposition motion premised on subrule (C)(10) tests the factual support for a claim. *Walsh*, 263 Mich App at 621. "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material facts exists to warrant a trial." *Id*. MCR 2.116(I)(2) authorizes a circuit court to "render judgment in favor of the opposing party" if "it appears to the court that the opposing party, rather than the moving party, is entitled to judgment." The circuit court may grant the opposing party summary disposition pursuant MCR 2.116(I)(2) if "no genuine issue of material fact [exists] and the opposing party is entitled to judgment as a matter of law." *City of Holland v Consumers Energy Co*, 308 Mich App 675, 681-682; 866 NW2d 871 (2015).

"[I]ssues involving statutory interpretation, as well as contract interpretation, present issues of law which are reviewed de novo." *Tuscany Grove Ass'n v Peraino*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 320685, issued July 14, 2015); slip op at 2. Regarding statutory interpretation, this Court summarized in *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 141; 783 NW2d 133 (2010):

> The primary goal of statutory interpretation is to give effect to the intent of the Legislature. This Court begins by reviewing the text of the statute at issue; if the language is unambiguous, it is presumed that the Legislature intended the meaning plainly expressed, and judicial construction of the statute is not permitted. Nothing may be read into a clear statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. [Internal quotations and citations omitted.]

---

[2] The circuit court did not specify the subrule supporting its summary disposition ruling for plaintiff. Because the circuit court considered documentary evidence beyond the pleadings, the court apparently granted summary disposition under MCR 2.116(C)(10). MCR 2.116(G)(5).

The rules governing contract interpretation apply to the construction of condominium bylaws. *Tuscany Grove Ass'n*, ___ Mich App at ___; slip op at 2.

> Accordingly, this Court begins by examining the language of the bylaws. Words are interpreted according to their plain and ordinary meaning. Further, this Court avoids interpretations that would render any part of the document surplusage or nugatory, and instead this Court gives effect to every word, phrase, and clause. Ultimately, we enforce clear and unambiguous language as written. [*Id.*]

Concerning interpretation of a deed, courts generally enforce as a matter of law "the plain language in a deed" that contains no ambiguity. *Taylor v Taylor*, 310 Mich 541, 545; 17 NW2d 745 (1945). "[I]n interpreting deeds and other written instruments, the primary object is to determine the intention of the parties from the instrument itself." *Thomas v Jewell*, 300 Mich 556, 558-559; 2 NW2d 501 (1942).

We conclude that the circuit court erred by granting summary disposition in favor of plaintiff and by failing to grant summary disposition under MCR 2.116(I)(2) in favor of defendant. The Condominium Act expressly provides in MCL 559.102 that "[f]or the purposes of this act, the words and phrases defined in sections 3 to 10 shall have the meanings respectively ascribed to them in those sections." According to the Condominium Act, "a condominium project consists of 'units' and 'common elements' only." *Paris Meadows*, 287 Mich App at 146 (internal quotation and citation omitted). The Condominium Act defines a "condominium unit" as "that portion of the condominium project designed and intended for separate ownership and use, as described in the master deed . . . ." MCL 559.104(3). The term "common elements" "means the portions of the condominium project other than the condominium units." MCL 559.103(7). "General common elements" include "the common elements other than the limited common elements." MCL 559.106(5). And, "limited common elements" means "a portion of the common elements reserved in the master deed for the exclusive use of less than all of the co-owners." MCL 559.107(2).

The clear and unambiguous language in Article IV of the master deed reflects the grantors' plain intent regarding the development's common elements. *Taylor*, 310 Mich at 545; *Thomas*, 300 Mich at 558-559. Article IV(A)(7) states that "[t]he general common elements" include "[f]oundations, supporting columns, *unit perimeter walls (including windows and doors therein)*[,] roofs, ceilings, floor construction between unit levels and chimneys." (Emphasis added). "Limited common elements" include "[t]*he interior surfaces of apartment perimeter walls (including windows and doors herein)*, ceilings and floors contained within an apartment." Article IV(B)(5) (emphasis added). Article IV(C) plainly places on a condominium co-owners' association, like plaintiff, responsibility for the "costs of maintenance, repair and replacement of all . . . general and limited common elements described" in the master deed, except that a co-owner bears responsibility for "the costs of decoration and maintenance (but not repair or replacement except in cases of co-owner fault) of all surfaces referred to in [Article IV(B)(5)]."

The Condominium Act's definitions, including the definitions of general common elements, MCL 559.106(5), and limited common elements, MCL 559.107(2), and the provisions of the master deed, plainly place the outer walls surrounding the condominium units, including

the exterior doors, in the category of general common elements. The master deed also unambiguously categorized the interior surfaces of the unit's perimeter doors as limited common elements. Additionally, the master deed plainly assigned plaintiff the responsibility for any "costs of maintenance, repair and replacement of all . . . general and limited common elements described" in the master deed, but for "the costs of decoration and maintenance (but not repair or replacement except in cases of co-owner fault) of all [interior] surfaces" of the units. Article IV(C).

The parties did not dispute that plaintiff possessed the authority to adopt the regulation requiring the uniform front-door color of dark brown. However, to the extent that the regulation also purported to place on co-owners the responsibility for funding or arranging for the painting of the condominium units' exterior front doors, the regulation was plainly inconsistent with the unambiguous language in Article IV of the master deed. Cf. *Meadow Bridge Condo Ass'n v Bosca*, 187 Mich App 280, 282; 466 NW2d 303 (1990) (holding that "a rule or regulation is a tool to implement or manage existing structural law," the regulation challenged by a co-owner was "not inconsistent with the original bylaw," "and d[id] nothing to change the general rule") (internal quotation and citation omitted).[3]

Reversed and remanded for entry of summary disposition in favor of defendant. We do not retain jurisdiction. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ David H. Sawyer
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[3] In light of our conclusion that the circuit court erred in failing to grant defendant summary disposition, we need not address defendant's alternative argument that the circuit court should have granted her motion for relief from judgment.

-4-