# STATE OF MICHIGAN

# COURT OF APPEALS

THE MT. VERNON PARK ASSOCIATION,

        Plaintiff-Appellant,

v

CHANTELLE CLARK,

        Defendant-Appellee.

UNPUBLISHED
December 29, 2015

No.   323445
Oakland Circuit Court
LC No.   2013-135604-CK

Before:  SAWYER, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

This appeal arises from a complaint that plaintiff, the Mt. Vernon Park Association, filed against defendant, Chantelle Clark, the co-owner of a condominium unit in the Mt. Vernon Park development in Southfield.  Plaintiff appeals as of right a circuit court order denying its motion for summary disposition under MCR 2.116(C)(9) and (10) and granting summary disposition under MCR 2.116(I)(2) in favor of defendant.  We affirm.

Plaintiff avers that defendant concededly failed to arrange for the repainting of her condominium unit's exterior front door in the dark brown color required by plaintiff's rules and regulations.  According to plaintiff, the circuit court misinterpreted Article IV(A)(7) of the master deed as defining the exterior front door to defendant's unit as a general common element for which defendant was not responsible for maintaining or repairing.

We review de novo a circuit court's summary disposition ruling.  *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).  A circuit court may grant summary disposition pursuant to MCR 2.116(C)(9) "if a defendant fails to plead a valid defense to a claim.  A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true."  *Village of Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000).  The circuit court can grant summary disposition under MCR 2.116(C)(9) if the defenses appear "so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery."  *Id*. (internal quotations and citations omitted).

A summary disposition motion premised on subrule (C)(10) tests the factual support of a claim.  *Walsh*, 263 Mich App at 621.  "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material facts exists to warrant a trial."  *Id*.  MCR 2.116(I)(2) authorizes a circuit court

-1-

to "render judgment in favor of the opposing party" if "it appears to the court that the opposing party, rather than the moving party, is entitled to judgment." The circuit court may grant the opposing party summary disposition pursuant MCR 2.116(I)(2) if "no genuine issue of material fact [exists] and the opposing party is entitled to judgment as a matter of law." *City of Holland v Consumers Energy Co*, 308 Mich App 675, 681-682; 866 NW2d 871 (2015).

"[I]ssues involving statutory interpretation, as well as contract interpretation, present issues of law which are reviewed de novo." *Tuscany Grove Ass'n v Peraino*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 320685, issued July 14, 2015); slip op at 2. Regarding statutory interpretation, this Court summarized as follows in *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 141; 783 NW2d 133 (2010):

> The primary goal of statutory interpretation is to give effect to the intent of the Legislature. This Court begins by reviewing the text of the statute at issue; if the language is unambiguous, it is presumed that the Legislature intended the meaning plainly expressed, and judicial construction of the statute is not permitted. Nothing may be read into a clear statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. [Internal quotations and citations omitted.]

The rules governing contract interpretation apply to the construction of condominium bylaws. *Tuscany Grove Ass'n*, ___ Mich App at ___; slip op at 2.

> Accordingly, this Court begins by examining the language of the bylaws. Words are interpreted according to their plain and ordinary meaning. Further, this Court avoids interpretations that would render any part of the document surplusage or nugatory, and instead this Court gives effect to every word, phrase, and clause. Ultimately, we enforce clear and unambiguous language as written. [*Id.*]

Concerning interpretation of a deed, courts generally enforce as a matter of law "the plain language in a deed" that contains no ambiguity. *Taylor v Taylor*, 310 Mich 541, 545; 17 NW2d 745 (1945). "[I]n interpreting deeds and other written instruments, the primary object is to determine the intention of the parties from the instrument itself." *Thomas v Jewell*, 300 Mich 556, 558-559; 2 NW2d 501 (1942).

We conclude that the circuit court properly denied plaintiff's motion for summary disposition and granted summary disposition under MCR 2.116(I)(2) in favor of defendant. The Michigan Condominium Act, MCL 559.101 *et seq.*, expressly provides in MCL 559.102 that "[f]or the purposes of this act, the words and phrases defined in sections 3 to 10 shall have the meanings respectively ascribed to them in those sections." According to the Condominium Act, "a condominium project consists of 'units' and 'common elements' only." *Paris Meadows*, 287 Mich App at 146 (internal quotation and citation omitted). The Condominium Act defines a "condominium unit" as "that portion of the condominium project designed and intended for separate ownership and use, as described in the master deed . . . ." MCL 559.104(3). The term "common elements" "means the portions of the condominium project other than the condominium units." MCL 559.103(7). "General common elements" include "the common

elements other than the limited common elements." MCL 559.106(5). And, "limited common elements" means "a portion of the common elements reserved in the master deed for the exclusive use of less than all of the co-owners." MCL 559.107(2).

The clear and unambiguous language in Article IV of the master deed reflects the grantors' plain intent regarding the development's common elements. *Taylor*, 310 Mich at 545; *Thomas*, 300 Mich at 558-559. Article IV(A)(7) states that "[t]he general common elements" include "[f]oundations, supporting columns, *unit perimeter walls (including windows and doors therein)*[,] roofs, ceilings, floor construction between unit levels and chimneys." (Emphasis added). "Limited common elements" include "[t]*he interior surfaces of apartment perimeter walls (including windows and doors herein)*, ceilings and floors contained within an apartment." Article IV(B)(5) (emphasis added). Article IV(C) plainly places on a condominium co-owners' association, like plaintiff, responsibility for the "costs of maintenance, repair and replacement of all . . . general and limited common elements described" in the master deed, except that a co-owner bears responsibility for "the costs of decoration and maintenance (but not repair or replacement except in cases of co-owner fault) of all surfaces referred to in [Article IV(B)(5)]."

The Condominium Act's definitions, including the definitions of general common elements, MCL 559.106(5), and limited common elements, MCL 559.107(2), and the provisions of the master deed, plainly place the outer walls surrounding the condominium units, including the exterior doors, in the category of general common elements. The master deed also unambiguously categorized the interior surfaces of the unit's perimeter doors as limited common elements. Additionally, the master deed plainly assigned plaintiff the responsibility for any "costs of maintenance, repair and replacement of all . . . general and limited common elements described" in the master deed, but for "the costs of decoration and maintenance (but not repair or replacement except in cases of co-owner fault) of all [interior] surfaces" of the units. Article IV(C).

The parties did not dispute that plaintiff possessed the authority to adopt the regulation requiring the uniform front-door color of dark brown. However, to the extent that the regulation also purported to place on co-owners the responsibility for funding or arranging for the painting of the condominium units' exterior front doors, the circuit court correctly concluded that the regulation was plainly inconsistent with the unambiguous language in Article IV of the master deed. Cf. *Meadow Bridge Condo Ass'n v Bosca*, 187 Mich App 280, 282; 466 NW2d 303 (1990) (holding that "a rule or regulation is a tool to implement or manage existing structural law," the regulation challenged by a co-owner was "not inconsistent with the original bylaw," "and d[id] nothing to change the general rule") (internal quotation and citation omitted).

Affirmed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ David H. Sawyer
/s/ Jane M. Beckering
/s/ Mark T. Boonstra